UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MOHAMMED BHUIYAN, A42-380-373,

                Petitioner,

        -v-                           15-CV-397-JTC
                                                **ORDER**

LORETTA E. LYNCH,[1] Attorney General
of the United States, et al.,

                Respondents.

_____

       On May 4, 2014, petitioner Mohammed Bhuiyan filed a petition for habeas corpus

relief, pursuant to 28 U.S.C. § 2241, challenging his administrative detention in the custody

of the Department of Homeland Security ("DHS"), pending removal. Dkt. #1. As set forth

in the current record before the court, petitioner was received into DHS custody at the

Buffalo Federal Detention Facility ("BFDF") in Batavia, New York on April 16, 2015, upon

his release from the custody of the New York State Department of Corrections and

Community Supervision ("NYSDOCCS"), pursuant to an order and warrant of "Conditional

Parole for Deportation Only" issued by the New York State Division of Parole. *See id.* at

¶ 1; *see also* Dkt. #7-1, pp. 1-2.

       On June 15, 2015, prior to filing an answer and return, respondents filed a motion

to dismiss the petition as moot inasmuch as DHS records reveal that petitioner has been

returned to the custody of NYSDOCCS as of April 30, 2015, due to an issue with his

conditional parole release, and is no longer in the custody of DHS. Dkt. #7 (Affidavit of

---

[1]Pursuant to Fed. R. Civ. P. Rule 25(d), Loretta E. Lynch is substituted for her predecessor, Eric H.
Holder, as Attorney General of the United States.

Gail Y. Mitchell, Esq.), ¶¶ 5-7.   Respondents' counsel has submitted documentation verifying that petitioner has been released from DHS custody is currently incarcerated at the Greene Correctional Facility in Coxsackie, New York, with a conditional release date of October 27, 2015, and that DHS has lodged an immigration detainer against petitioner with NYSDOCCS.   Dkt. #7-1.

In light of the fact that petitioner has been released from administrative detention and he no longer is in the custody of the Department of Homeland Security, he has already obtained the only relief sought and obtainable by virtue of his habeas petition brought under 28 U.S.C. § 2241, and he is no longer suffering "actual injury" as required to maintain federal subject matter jurisdiction under the case-or-controversy requirement of Article III, § 2 of the U.S. Constitution.  *See, e.g., Hubacek v. Holder*, No. 13-CV-1085-JTC, 2014 WL 1096949 (W.D.N.Y. Mar. 19, 2014).  His petition is therefore moot.

Accordingly, the respondents' motion (Dkt. #7) to dismiss the petition is granted, and the petition is dismissed.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action.   Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed; and

FURTHER, that leave to appeal as a poor person is denied.


SO ORDERED.

        _____\s\ John T. Curtin_____
             JOHN T. CURTIN
          United States District Judge

DATED:     June 30, 2015

          Buffalo, New York

p:\pending\2015\15-397.2241.moot.july1.2015